United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| STERIL-AIRE USA, INC. | § | |
| | § | |
| V. | § | CASE NO. 4:05CV156 |
| | § | (Judge Schneider/Judge Bush) |
| DUST FREE, LP, ET AL. | § | |

## ORDER

Steril-Aire USA, Inc. ("Sterile-Aire") filed its Motion to Bifurcate its patent claims from Dust Free, L.P.'s ("Dust Free") counterclaims in this action. Defendants Dust Free and Burnett Environmental Industries, LLC oppose this motion. Having considered the motion and Defendants' response, the Court is of the opinion that Plaintiff's motion should be denied.

Steril-Aire has asserted claims for infringement of seven of its patents relating to the use of ultra-violet light to clean air-handling systems. The defendants have asserted defenses of invalidity, unenforceability, and non-infringement. In addition, Dust Free has asserted counterclaims for anti-trust and various torts related to interference with contractual or prospective business relations and trade disparagement. Steril-Aire seeks to have a separate trial on its patent claims.

Federal Rule of Civil Procedure 42(b) permits a court to order a separate trial of any claim or issue "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy...." Steril-Aire argues that a separate trial on the issue of infringement has the potential to resolve Dust Free's counterclaims. Dust Free alleges that Steril-Aire has used the threat of patent infringement suits against Dust Free's customers to chill its business relations. Steril-Aire states that it has every right to protect its patents. Steril-Aire argues that Dust Free's counterclaims fail if its patents are indeed valid and enforceable.

Patent claims require proof concerning, *inter alia,* the nature of the patent, claims construction issues, and the nature of the alleged infringing products. Antitrust claims, however, require proof of Steril-Aire's alleged attempts to deprive defendants of their customer base, price fixing, and market division practices, as well as anti-competitive motives in filing suit against the defendants. Of course, defendants will also have to demonstrate the relevant market, dominance, economic power, and resulting damages. *See generally, Brandt, Inc. v. Crane*, 97 F.R.D. 707 (N.D. Ill. 1983). Economic and damage model analyses differ for both types of claims. Many courts now order separate trials for patent issues and those issues raised by an antitrust counterclaim. *See generally, In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986). Antitrust issues are often complex and, particularly with respect to damages, raise different issues related to proof. *Baxter Int'l , Inc. v. Cobe Labs., Inc*. 1992 WL 77665 (N.D. Ill. Apr. 7, 1992). There is also case law in this circuit to support the proposition that Dust Free's antitrust counterclaim as to assertion of invalid patents is not a compulsory counterclaim but rather a permissive one that could even be brought after conclusion of the patent litigation. *See Tank Insulation Int'l , Inc. v. Insultherm, Inc*. 104 F.3d 83 (5th Cir. 1997). Thus, Dust Free's assertions that its claims are tightly interwoven with Steril-Aire's patent infringement claims are procedurally diluted by the holding in *Tank*, *supra*.

Both parties acknowledge that bifurcation is within the sound discretion of the Court. *Davis & Cox v. Summa Corp.* 751 F.2d 1507, 1517 (9th Cir. 1985). This discretion is to be exercised on a case by case basis. Even in patent cases, separate trials should be the exception and not the rule. *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 114-15 (E.D. La. 1992). The Fifth Circuit imposes a limitation on when separate trials may be ordered. A court should not bifurcate claims unless the issue to be tried separately is "so distinct and separable from the others that a trial of it

alone may be had without injustice." *Mc Daniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993) (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964)). By its counterclaim, Dust Free claims that it competes against Steril-Aire as a manufacturer and distributor of ultraviolet lamps. Dust Free contends that Steril-Aire has achieved a dominant market by *inter alia,* "misusing the inherent monopoly power flowing from the Steril-Aire Patents...." Dust Free further alleges that the patents are invalid, unenforceable, and not infringed by any products or methods made, used, sold, or offered for sale by Dust Free. Dust Free alleges that Steril-Aire uses these patents to restrain trade, control prices and distribution of products, and to prevent competition. The manner of proof required to demonstrate what Dust Free alleges differs from the usual patent defenses of invalidity and non-infringement. If Dust Free were to prevail on all of its counterclaims, then it would have the burden of demonstrating its damages resulting from such anti-competitive activities. Further, to show interference with contractual relations, it would have to demonstrate what contracts have been abridged and the resultant damages. The Court would be required to submit issues not only related to patent and patent defense, but also issues related to antitrust and tort damages with separate instructions on damages for each party. If bifurcation were granted and Dust Free is correct in its position concerning Steril-Aire's invalid patents, then such a finding would either enhance an expedient resolution of the case or provide Dust Free with a favorable finding which would greatly enhance its trial position on the antitrust claim. Armed with a trial record, Dust Free would be able to stream line its case presentation. Weighing against this analysis is the fact that presentation of the tort claims requires less preparation and relatively easier proof. Submission of these issues could be conditioned on an unfavorable ruling as to Steril-Aire's patents. Further, to order a separate trial would necessarily delay the full resolution of the case. As to jury confusion on trying both the

primary claim and the counterclaim, the Court is not persuaded that such a result would occur. A jury selected to hear a patent case would be at no disadvantage in digesting evidence related to antitrust or simpler tort issues such as trade disparagement.

Dust Free also argues that, even if the issues are bifurcated, discovery should proceed as if no bifurcation was ordered. Of course, Steril-Aire opposes this suggestion. This district is particularly equipped to handle complex cases, including patent cases. The district's local patent rules guide parties in such cases. The Court believes that the best course is to deny Steril-Aire's motion for a separate trial on its patent claims with Dust Free. The Court can structure the scheduling order to allow initial discovery on patent matters with full discovery after the claims construction hearing. Separate briefing deadlines can be imposed for dispositive motions related to patent and those related to Dust Free's counterclaims. In addition, the Court can fashion instructions and issue submissions to insure an orderly and efficient trial.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Bifurcate is DENIED without prejudice to Steril-Aire to reassert its motion at a later date if warranted.

**SIGNED this 19th day of May, 2005.**

*Don D. Bush*
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE